IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **NOSTRUM PHARMACEUTICALS, LLC, et al.,**<br><br>    **Plaintiffs,**<br><br>    v.<br><br>**MANISH DIXIT, PH.D,**<br><br>    **Defendant,**<br><br>    v.<br><br>**LIBERTY PHARMA, INC., et al.,**<br><br>    **Movants.** | Case No. 15-MC-218-JWL-GLR |

## MEMORANDUM AND ORDER

Plaintiffs Nostrum Pharmaceuticals, LLC and Nostrum Laboratories, Inc. subpoenaed Movants for a deposition in Overland Park, Kansas on July 2, 2015 (ECF 1-1). Plaintiffs thereby sought evidence for an underlying case, *Nostrum Pharmaceuticals, LLC v. Manish Dixit*,[1] currently pending in the United States District Court for the Southern District of New York. None of the Movants, Liberty Pharma, Inc., Larry Patel, and Harish Gosike, is a party to the underlying case. They filed this miscellaneous action for a protective order to determine that they are not required to testify or produce any confidential business or proprietary information or any trade secrets or intellectual property. The Court finds that Movants are not required to testify or produce documents to Plaintiffs and, therefore, grants their motion.

---

[1] Case No. 13 Civ. 8718 (CM) (AJP)

**I.      Background**

Movant Liberty Pharma, Inc. ("LP") is a Delaware corporation with its principal place of business in Liberty, Missouri.  Movant Gosike works for LP as Director of Operations and Quality Control and as a chemist.  Movant Patel is a former officer and director of LP.  His current role is to lend funds.  Movants are all residents of Missouri.  Plaintiffs are a pharmaceutical business with operations in Missouri, including an office and a manufacturing facility.  Defendant Dixit is a former senior officer for Plaintiffs.  Plaintiffs assert that he formed and operated a competing pharmaceutical business, First Time US Generics, LLC ("FTG").

Plaintiffs initiated the underlying suit in the Southern District of New York.  They assert ten counts against Defendant upon the following theories:  breach of contract; breach of the Missouri Trade Secrets Act; tortious interference of agreement(s); and usurping business and corporate opportunities.  Plaintiffs seek testimony and documents from Movants; because Movants have close ties to Defendant and the facts of the underlying case.  Movant Patel was an original investor, managing member, and registered agent of FTG during the period when Plaintiffs employed Defendant.  He also formed Movant Liberty Pharma, Inc., which licensed three Abbreviated New Drug Applications ("ANDA") from FTG.[2]  Patel was originally a respondent in the underlying case when it was in New York State court.  The three ANDAs apparently constitute some of the disputed assets in the underlying suit.  Movant Gosike is currently an employee of LP.  He was a former employee of Plaintiffs—one of at least five former employees whom Defendant or his companies or affiliates hired.

---

[2] These licenses were apparently acquired during the pendency of the underlying suit.

**II.    Facts**

Plaintiffs subpoenaed Movants Patel, Gosike, and LP on June 11, 2015 June 18, 2015, and June 18, 2015, respectively.  Counsel then met and conferred multiple times.  Plaintiffs' counsel emailed Movants' counsel a copy of the Stipulated Protective Order, entered in the underlying suit.  Movants did not—and have not—signed that Stipulated Protective Order.  They reached an agreement, nevertheless, memorialized in a letter dated June 26, 2015 from Plaintiffs' counsel.  (ECF 1-5.)  It provided the following: that Movants would (1) appear for their depositions on July 22 and 23 in Overland Park, Kansas; (2) produce non-privileged documents responsive to the subpoenas on or before July 18; and (3) serve objections and/or move for a protective order in lieu of any motion to quash.  (*Id.*)  With that agreement Movants opened the instant case and filed their motion for protective order on July 17, 2015.  (ECF 1.)  Again by their agreement Movants attended their depositions on July 22, 2015.  At their request, this Court held a telephone conference with counsel, regarding a dispute that arose during the depositions.  The Court declined to rule upon their oral requests, and instead proposed their pursuing the instant motion with written briefs.  Following this conference, Movants completed their depositions.

**II.    Legal Standard(s)**

Under Fed. R. Civ. P. 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The movant must show good cause for a protective order.[3]  If the party opposing the discovery provides a sufficient basis for the Court to find good cause, the Court also considers other factors

---

[3]*Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010).

3

that were or could have been presented by the party seeking the discovery to determine whether the totality of the circumstances justifies the entry of a protective order.[4]

Courts have broad discretion in finding whether a protective order is warranted, and if warranted, the scope of protection required for the situation at hand.[5] Under Rule 26(c), the courts have "substantial latitude to fashion" an appropriate protective order after fairly weighing "the competing needs and interests of the parties affected by discovery."[6] Despite the broad grant of discretion given the courts, a protective order is only warranted when the movant demonstrates that protection is necessary under a specific category set out in Rule 26(c).[7] To establish good cause, a party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[8]

## III. Discussion

There are two initial matters. First, is this Court is the proper venue for the instant motion? A "party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—*or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken*." Fed. R. Civ. P. 26(c)

---

[4]*See*, *e.g.*, *Thomas v. IBM*, 48 F.3d 478, 483 (10th Cir. 1995) (noting factors demonstrating good cause for the court's protective order and then further considering that the party seeking the deposition made no attempt to demonstrate that the sought information could not be gathered from other sources, for whom a deposition might have been less burdensome); *Gazaway v. Makita U.S.A., Inc.*, No. 97-2287-JWL, 1998 WL 219771, at *3 (D. Kan. Apr. 16, 1998) (after finding an adequate showing of good cause, the court considered that "Plaintiff has shown no crucial need for the deposition" and that the plaintiff had not shown why discovery from others "has not or could not be obtained").

[5]*Layne Christensen Co.*, 271 F.R.D. at 244.

[6]*Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

[7]*Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003).

[8]*Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

(emphasis added).  Plaintiffs deposed Movants within this district—in Overland Park, Kansas.  Accordingly, this Court is the proper venue for the instant motion.

Second, has the moving party made a reasonable effort to confer with opposing counsel before asserting the motion?[9]  The record indicates Movants have demonstrated a reasonable effort to confer.  Indeed, it was Plaintiffs' counsel who memorialized the parties' agreement regarding the depositions and potential protective order in lieu of a motion to quash.  The Court will therefore consider Movant's motion.

Movants have shown good cause for a protective order.  Fed. R. Civ. P. 26(c)(1) provides:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> . . .
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way . . .

Although the Federal Rules of Civil Procedure do not define the terms "trade secret" or "other confidential research, development, or commercial information, courts define them to mean "information, which if disclosed would cause substantial economic harm to the competitive position of the entity from whom the information was obtained."[10]  Courts also give a "heavy cloak of judicial protection because of the threat of serious economic injury to the discloser of scientific information."[11]  In cases involving ANDAs, courts have also found they are indisputably trade secrets, "the disclosure of which to a competitor . . . (or the public) would be

---

[9] *See* D. Kan. Rule 37.2.

[10] *In re S3 LTD*, 242 B.R. 872, 876 (Bank. E.D. VA 1999) (quoting *Diamond States Ins. Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 697 (D. Nev. 1994)).

[11] *Andrx Pharm., LLC v. GlaxoSmithKline, PLC*, 236 F.R.D. 583, 586 (S.D. Fla. 2006) (citing *Safe Flight Instrument Corp. v. Sundstrand Data Control, Inc.*, 682 F. Supp. 20, 22 (D. Del. 1988)).

extremely damaging to [the producing party's] interests."[12]  Moreover, ANDAs are confidential under federal law.[13]  Plaintiffs cite some cases that have required at least parts of ANDAs to be produced.  They are distinguishable, however, because they involve patent infringement claims, unlike the litigation here.

Plaintiffs here seek, *inter alia*, Movants' ANDAs, as well as documents and information concerning the research, development, manufacture, marketing, or management of Movants' drugs.  (*See* ECF 1-1 at 6–7.)  Plaintiffs argue they should be able to discover this information, because Movants have not shown they would be subject to annoyance, embarrassment, oppression, or undue burden or expense under Fed. R. Civ. P. 26(c)(1).  The Court disagrees.  Movants would incur undue burden and expense by revealing trade secrets and scientific information to a direct competitor.  Movants do not appear to be the owners of the intellectual property behind the ANDAs or the drugs about which Plaintiffs seek information.  The owner of the intellectual property—the scientific information behind the drugs—appears to be India-based companies.[14]  Apparently, the Court in the Southern District of New York did not require Defendant to produce the evidence Plaintiff now seeks from Movants, because he does not own the intellectual or proprietary property.  The Court here sees no reason to require them to divulge information that they do not own and that Defendant was not required to produce.  Plaintiff should not be authorized to circumvent a ruling in the underlying case that denied discovery of

---

[12] *See Biovail Labs., Inc. v. Anchen Pharm., Inc.*, 463 F. Supp. 2d 1073, 1083 (C.D. Cal. 2006) (collecting cases finding ANDAs are confidential and/or trade secrets).

[13] *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 667 (D.N.J. 2004) (citing 21 C.F.R. § 314.430(b)-(d)) (concluding: "It stands to reason that IPDA should not be able to gain access to that information through a court case arising out of an ANDA filing when it could not obtain the information in the ANDA filing directly."); *see also Appleton v. Food & Drug Admin.*, 451 F. Supp. 2d 129, 141(D.D.C. 2006) (holding that documents containing information consisting of drug product manufacturing information, manufacturing processes, and/or drug chemical composition and specifications constitute trade secrets).

[14] As of today, and to this Court's knowledge, those Indian companies have not been subpoenaed.

this exact information, especially considering Movants are not parties to that litigation.  The Court again notes that there are no patent infringement claims—where the scientific data may be at issue—in this case.  For these reasons Movants have shown good cause for a protective order.

To proceed with its request for information after good cause has been shown for a protective order, Plaintiffs must show the disclosure of this information is relevant and necessary to the action.[15]  Plaintiffs have not done so.  Therefore, the Court grants the motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Movants' Motion for Protective Order (ECF 1) is granted.  Movants are not required to testify about or produce any confidential business or proprietary information or any trade secrets or intellectual property, including, but not limited to, the ADNAs or documents containing scientific information about various pharmaceuticals.

**IT IS SO ORDERED.**

Dated**:** November 6, 2015

S/Gerald L. Rushfelt
Gerald L. Rushfelt
U.S. Magistrate Judge

---

[15] *See Ring Energy, Inc. v. Hullum*, No. 15-CV-00109-JHP-TLW, 2015 WL 4413366, at *6 (N.D. Okla. July 17, 2015) (citing *Centurion Indus. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325 (10th Cir. 1981)); *see also Garsite/Progress, LLC v. Paul*, No. 13-2200-CM, 2014 WL 6066077, at *2 (D. Kan. Nov. 13, 2014); *Pulsecard, Inc. v. Discover Card Servs., Inc.*, No. CIV.A.94-2304-EEO, 1995 WL 526533, at *5 (D. Kan. Aug. 31, 1995).